PROB 12C
(6/16)

Report Date: April 15, 2020

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Julio Cesar Gonzalez             Case Number: 0980 2:13CR06036-EFS-2

Address of Offender:                     Pasco, Washington 99301

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: March 4, 2014

Original Offense:        Conspiracy to Distribute a Controlled Substance, 21 U.S.C. § 846

Original Sentence:       Prison - 42 months            Type of Supervision: Supervised Release
                         TSR - 36 months

Asst. U.S. Attorney:     Thomas J. Hanlon              Date Supervision Commenced: June 5, 2017

Defense Attorney:        Alex B. Hernandez, III        Date Supervision Expires: June 4, 2020

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance

1 | **Special Condition # 17**: Defendant shall abstain from the use of illegal controlled substances, and shall submit to testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by using controlled substances, fentanyl and marijuana, on or prior to February 27, 2020.

On June 5, 2017, the offender signed his Judgement in a Criminal Case indicating he understood he was to refrain from using illegal controlled substances and random drug testing would be conducted.

On February 27, 2020, the offender reported to the probation office in Richland, Washington where he was requested to complete a random drug test. The offender complied and the sample returned presumptive positive for marijuana and fentanyl. When the offender was asked why the sample would return presumptive positive for both substances, he admitted

Prob12C
Re: Gonzalez, Julio Cesar
April 15, 2020
Page 2

he had been using fentanyl for multiple weeks and had used marijuana the day prior. The offender signed an Admission Report noting he had used fentanyl last on February 27, 2020, and marijuana on February 26, 2020.

2         **Special Condition # 16**: Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare.  Defendant shall contribute to the cost of treatment according to your ability to pay.  Defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to enter into inpatient substance abuse treatment on or prior to April 7, 2020.

On June 5, 2017, the offender signed his Judgement in a Criminal Case indicating he understood he was to comply with all chemical dependency assessments, which could include inpatient treatment and aftercare.

As noted within violation number 1, the offender admitted to using fentanyl and marijuana on February 27, 2020, and February 26, 2020, respectively.  Based on his willingness to discuss his current addiction issues, he was directed to contact Merit Recourse Services in Kennewick, Washington for an updated chemical dependency assessment.

On March 2, 2020, the assessment was completed and Mr. Gonzalez was assessed as needing inpatient chemical dependency treatment. Merit Recourse Services worked diligently to find a bed for the offender as COVID-19 was restricting treatment facilities from taking new patients. Due to the offender's fentanyl use, a bed would not be opened to the offender until he completed a 3-day detox.  He was scheduled to enter detox in Yakima, Washington on March 23, 2020. When the offender arrived, he was advised the bed for inpatient treatment would not be available due to further restrictions due to COVID-19. The offender called this officer and requested to leave the detox center and return home. This request was denied as a detox was needed to enter any beds which might possibly open. The offender left the detox center against advice and returned home.

After the offender had returned home, his counselor at Merit Recourse Center in Kennewick once again reached out to various inpatient facilities for another bed date. An open bed was located with American Behavioral Health Systems (ABHS) in Chelan, Washington. The offender was directed to report to ABHS on April 7, 2020.  Phone contact was made by both his treatment counselor and this officer on April 6, 2020, to ensure he had a ride to the facility, which he acknowledged he did.

On April 7, 2020, the offender failed to contact the facility as directed. Staff with Merit Recourse Services contacted ABHS again on April 10, 2020, to ensure the offender had not shown up late and entered treatment. Again, it was found the offender had not made contact and the bed was no longer available. Since April 7, 2020, phone calls and text messages from Merit Recourse Services and this officer have gone unreturned. Currently the offender's whereabouts are unknown.

Prob12C
**Re: Gonzalez, Julio Cesar**
**April 15, 2020**
**Page 3**

| | |
|---|---|
| 3 | **Standard Condition # 2**: The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer. |

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to maintain phone contact as directed before entering inpatient drug treatment on or prior to April 7, 2020.

On June 5, 2017, the offender signed his Judgement in a Criminal Case indicating he understood he was to report to the probation officer in a manner which was directed by the probation office.

On April 6, 2020, the offender was directed to make phone contact with this officer prior to entering inpatient treatment at ABHS on April 7, 2020. He was also directed to sign a release of information with ABHS so this officer could confirm he had arrived and was admitted into treatment. The offender confirmed he had a ride to ABHS and he understood he was to report to the facility prior to noon on April 7, 2020.

On April 7, 2020, the offender failed to contact this officer as directed. ABHS was unable to confirm if the offender had started services as no release of information had been signed.

On April 10, 2020, the offender's counselor at Merit Recourse Services called and advised this officer the offender had not reported for inpatient chemical dependancy treatment as instructed. Attempts had been made by the counselor to contact the offender but all calls went to voicemail and the offender had not replied. Attempts have also been made by this officer to contact the offender by phone and text, but each has gone unreturned. As noted within violation number 2, the offender's whereabouts are currently unknown.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   April 15, 2020

s/David L. McCary

David L. McCary
U.S. Probation Officer

Prob12C
**Re: Gonzalez, Julio Cesar**
**April 15, 2020**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

**April 15, 2020**
_____
Date